IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SOLARIA CORPORATION, | ) | Case No. 13-cv-05201-SC |
| Plaintiff, | ) ) | ORDER ON MOTION TO WITHDRAW |
| v. | ) ) | |
| T.S. ENERGIE e RISORSE, S.R.I., et al., | ) ) ) | |
| Defendants. | ) ) ) ) ) | |

    Now before the Court is Butzel Long, P.C. ("BL") and Anderson Kill's ("AK") motion to withdraw as counsel for Defendant T.S. Energie e Risorse, S.R.I. ("TSE").  ECF Nos. 34, 35.  Plaintiff Solaria Corporation ("Solaria") does not oppose the motion; indeed, Solaria has consented to counsel's withdrawal.  ECF No. 36.

    Civil Local Rule 11-5(a) prohibits counsel from withdrawing from an action until (1) the Court has issued an order permitting the withdrawal, and (2) written notice has been given reasonably in advance to the client and to all other parties.  Rule 11-5(b)

1 applies where, as here, withdrawal is not accompanied by
2 simultaneous appearance of substitute counsel or agreement of the
3 party to appear pro se.  That Rule authorizes the Court to permit
4 withdrawal subject to the condition that papers may continue to be
5 served on withdrawing counsel until the client appears by other
6 counsel.

7     In this District, standards of professional conduct for
8 attorneys are governed by the rules established by the State Bar of
9 California.  Civ. L.R. 11-4(a)(1); see also Cal. Native Plant Soc'y
10 v. EPA, C 06-3604 PJH, 2008 WL 4911162, at *1 (N.D. Cal. Nov. 14,
11 2008) ("In this district, the conduct of counsel, including
12 withdrawal of counsel, is governed by the standards of professional
13 conduct required of members of the State Bar of California.").
14 California Rule of Professional Conduct 3-700(C)(1)(f) permits an
15 attorney to request permission to withdraw if the client "breaches
16 an agreement or obligation to the member as to expenses or fees."

17     BL and AK have represented TSE since November 2013.  ECF No.
18 34-1 ("Eshelman Decl.") ¶ 2.  The engagement agreement expressly
19 provided for BL's right to withdraw upon TSE's breach of the
20 contract, including its payment terms.  Id. ¶ 3.  Since paying an
21 advance deposit against fees and making one subsequent payment, TSE
22 has not paid BL's outstanding invoices.  Nor has TSE responded to
23 BL's requests for information regarding payment and direction
24 "essential to the handling of TSE's defenses and affirmative
25 claims."  Id. ¶ 7.

26     On May 22, 2014, TSE announced that it would not pay BL's
27 currently due invoices or propose an arrangement to pay them or any
28 future invoices.  It also refused to respond to BL's requests for

**United States District Court**
For the Northern District of California

direction regarding the handling of TSE's case. Id. ¶ 8. BL then informed TSE that BL would seek to withdraw as TSE's counsel, that TSE should promptly retain substitute counsel, and that BL would assist TSE in finding substitute counsel. BL also notified TSE and counsel for Solaria of its intention to withdraw. Id.

    The Court finds that there is good cause to grant BL and AK's motion to withdraw, and that the reason for withdrawal is consistent with the California Rules of Professional Conduct. Because TSE is an Italian limited liability company, however, it must be represented by a licensed attorney. See Civ. L.R. 3-9(b); Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993). No substitution of counsel has been filed on behalf of TSE, and TSE cannot appear pro se. Therefore, in accordance with Civil Local Rule 11-5(b), the Court GRANTS BL and AK's motion to withdraw on the condition that papers may continue to be served on BL and AK for forwarding purposes until TSE appears by other counsel. BL and AK shall also serve a copy of this order on TSE. TSE has 30 days to find substitute counsel and shall file substitution of counsel no later than August 4, 2014. If TSE has not filed substitution of counsel by that date, Solaria may move for entry of default by August 25, 2014.

    IT IS SO ORDERED.

    Dated: July 3, 2014                    _/s/ Samuel Conti_
                                               UNITED STATES DISTRICT JUDGE