United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOLARIA CORPORATION, | Case No. 13-cv-05201-SC |
| Plaintiff, | ORDER GRANTING MOTION FOR DEFAULT JUDGMENT |
| v. | |
| T.S. ENERGIE E RISORSE, S.R.I.; et al., | |
| Defendants. | |

I.   **INTRODUCTION**

Plaintiff Solaria Corporation ("Solaria") seeks the entry of default judgment against Defendant T.S. Energie e Risorse, S.R.I. ("TSE").  ECF No. 46 ("Mot.").  The motion is unopposed; responses were due on October 15, 2014, but TSE has not filed any opposition. Solaria's motion papers are woefully inadequate; they provide no analysis of the law at all -- not even a citation to the relevant Federal Rule of Civil Procedure -- and no supporting evidence for the claimed amount of damages.  Nonetheless, for the reasons set forth below, the motion is GRANTED, and the Clerk is DIRECTED to enter TSE's default.  However, as explained more fully below, judgment shall not issue until Solaria has substantiated its claim

1    for damages.

2    **II.   <u>BACKGROUND</u>**

3         Except where otherwise indicated, the following allegations

4    are taken from Solaria's complaint.  ECF No. 1-1 ("Compl.").  In

5    November of 2012, Solaria and TSE entered into a contract for

6    Solaria to provide 1,000,000 watts of solar modules, module clamps,

7    and engineering support services for $1,020,000.00.  Compl. ¶ 9, Ex

8    1.  On December 4, the parties supplemented the contract with a

9    change order (the "Change Order") specifying certain payment date

10   terms, including a final payment due on January 31, 2013.  <u>Id.</u>

11   Solaria performed its obligations under the contract, but TSE

12   failed to make a final payment of $484,816.10 on the contract

13   balance, due by January 31, 2013.  Compl. ¶¶ 10-11.

14        Solaria brought suit in California state court on June 4,

15   2013.  TSE retained counsel and removed the matter to federal court

16   on November 7, 2013.  ECF No. 1.  TSE answered the complaint on

17   November 27 and brought a counterclaim.  TSE continued to

18   participate in this litigation until June of 2014, when TSE's

19   counsel filed a motion to withdraw because TSE had failed to pay

20   its attorneys' invoices and refused to respond to its attorneys'

21   requests for direction regarding the case.  ECF No. 34.  On July 3,

22   2014, the Court granted the motion to withdraw.  TSE's lawyers'

23   withdrawal was conditioned on the attorneys' willingness to

24   continue to be served for forwarding purposes until TSE could

25   appear by other counsel.  ECF No. 37.  The Court gave TSE 30 days

26   to find new counsel and ordered TSE to file substitution of counsel

27   by August 4, 2014.  <u>Id.</u> at 3.  On August 1, 2014, the Court granted

28   TSE a 21-day extension, ordering it to file substitution of counsel

**United States District Court**
For the Northern District of California

by August 25, 2014.  ECF No. 43.  TSE did not appear by the
required date, and Solaria moved for default judgment on September
16.  To this date, TSE has still not filed a substitution of
counsel and has not responded to Solaria's motion.

**III. LEGAL STANDARD**

After entry of a default, the Court may enter a default
judgment.  Fed. R. Civ. P. 55(b)(2).  Its decision whether to do
so, while "discretionary," Aldabe v. Aldabe, 616 F.2d 1089, 1092
(9th Cir. 1980), is guided by several factors.

As a preliminary matter, the Court must "assess the adequacy
of the service of process on the party against whom default
judgment is requested."  Bd. of Trs. of the N. Cal. Sheet Metal
Workers v. Peters, No. 00-0395, 2000 U.S. Dist. LEXIS 19065, at *2
(N.D. Cal. Jan. 2, 2001).  If the Court determines that service was
sufficient, it may consider the following factors (the "Eitel
factors") in its decision on the merits of a motion for default
judgment:

> (1) the possibility of prejudice to the
> plaintiff, (2) the merits of plaintiff's
> substantive claim, (3) the sufficiency of the
> complaint, (4) the sum of money at stake in the
> action; (5) the possibility of a dispute
> concerning material facts; (6) whether the
> default was due to excusable neglect, and (7)
> the strong policy underlying the Federal Rules
> of Civil Procedure favoring decisions on the
> merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  "The
general rule of law is that upon default the factual allegations of
the complaint, except those relating to the amount of damages, will
be taken as true."  Geddes v. United Fin. Group, 559 F.2d 557, 560

United States District Court
For the Northern District of California

(9th Cir. 1977).  Therefore, for the purposes of this Motion, the Court accepts as true the facts as presented in the Complaint, except those relating to the amount of damages.

**IV.   DISCUSSION**

    **A.   Adequacy of Service**

      In this case, adequacy of service is not at issue because the defendant has appeared, answered the complaint, and participated in this litigation.  With respect to the motion for default judgment itself, Solaria served the motion upon TSE's former counsel pursuant to the Court's order granting the motion to withdraw.  ECF Nos. 46-3, 46-4.

    **B.   Default Judgment**

      After entry of a default, a court may grant a default judgment on the merits of the case.  See Fed. R. Civ. P. 55.  A default judgment may not be entered, however, against an infant or incompetent person unless represented in the action by a general guardian or other such representative who has appeared.  See id. Furthermore, a default judgment may not be entered against an individual in military service until after the court appoints an attorney to represent the defendant.  See 50 U.S.C. app. § 521. TSE is a business entity, not an individual, so none of those restrictions apply here.  Accordingly, the Court may consider whether a default judgment may be entered against TSE.

      Where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it.  Grace v. Bank Leumi Tr. Co. of NY, 443 F.3d 180, 192 (2d Cir. 2006).  Additionally, the majority of the Eitel factors favor default judgment.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1. **Merits of the Claim, Sufficiency of the Complaint, and Prejudice to the Plaintiff**

As discussed above, the merits of the plaintiff's claims and the sufficiency of the complaint are often analyzed together, and together they require that the plaintiff's allegations "are sufficient to state a claim on which the [plaintiff] may recover." Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978). "Additionally, while prejudice to the plaintiff is an independent factor . . . , such prejudice necessarily flows from the plaintiff's ability to demonstrate the merits of its claim because, in the absence of a default judgment, plaintiff would be without other recourse for recovery to which it is entitled." Dr. JKL Ltd. v. HPC IT Educ. Ctr., 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010) (internal quotation marks omitted).

Under California law, the elements of a breach of contract claim are: (1) existence of a contract, (2) plaintiff's performance or excuse of non-performance, (3) defendant's breach, and (4) damage to plaintiff therefrom. Acoustics, Inc. v. Trepte Constr. Co., 14 Cal. App. 3d 887, 913 (Cal. Ct. App. 1971). Application is straightforward in this case.[1] Solaria pleads that a contract existed (and in fact attaches the order form as an exhibit to the complaint). Compl. ¶ 9, Ex. 1. Solaria has also pleaded its performance of its obligations under the contract. Id. ¶ 10. Solaria has alleged that TSE breached the contract by failing to pay the full amount owed. Id. ¶ 11. Finally, Solaria claims

---

[1] Indeed, in its answer, TSE admitted the existence of a contract and that it failed to pay approximately $460,000.00 to Solaria. ECF No. 14 ("Answer") ¶¶ 9, 11. However, TSE asserts that it was entitled to withhold its payment because Solaria breached the contract first. Id. ¶ 11.

United States District Court
For the Northern District of California

1  damages in the amount of $484,816.10, plus interest.  Id. ¶ 12.

2  The Court finds that Solaria's allegations are sufficient to state

3  a claim upon which it may recover.  Because TSE is no longer

4  participating in this case, Solaria will be unlikely to recover on

5  its claim without a default judgment.  That result would

6  undoubtedly prejudice Solaria.  These factors, therefore, favor

7  issuance of a default judgment.

8            **2.  Amount of Money at Stake**

9       Pursuant to the fourth Eitel factor, "the court must consider

10  the amount of money at stake in relation to the seriousness of

11  Defendant's conduct."  PepsiCo, Inc. v. California Sec. Cans, 238

12  F. Supp. 2d 1172, 1176 (C.D. Cal. 2002).  Here, assessment of this

13  factor is again straightforward.  The amount of money at stake is

14  the unpaid balance on the contract, plus interest.  That amount is

15  a direct result of TSE's conduct: it is simply the amount that TSE

16  agreed, but failed, to pay.  This factor also favors entry of

17  default judgment.

18      **3.  Possibility of Dispute Concerning Material Facts**

19      The fifth Eitel factor considers the possibility of dispute as

20  to any material facts in the case.  In many cases in which a

21  defendant faces a default judgment motion, that defendant has not

22  appeared at all.  See, e.g., Ploom, Inc. v. Iploom, LLC, No. 13-CV-

23  05813 SC, 2014 WL 1942218, at *2 (N.D. Cal. May 12, 2014).  In

24  those cases, the absence of the possibility of a dispute concerning

25  material facts is often easier to infer.  Here, TSE appeared,

26  answered the complaint, and counterclaimed against Solaria.  TSE

27  alleges that Solaria guaranteed to provide engineering support

28  under the contract but failed to do so.  Answer at Counterclaim ¶¶

**United States District Court**
For the Northern District of California

10, 17.  Consequently, TSE asserted that it suffered damages

sufficient to justify its withholding of the final payment.  Id. ¶¶

12, 18-26.  Accordingly, there is not just the possibility of a

dispute concerning material facts -- there is a dispute concerning

material facts.  This factor militates against entry of default

judgment.

### 4.   Whether Default Was Due to Excusable Neglect

Defendants were ordered to appear by new counsel over five

months ago.  The Court granted them an additional three weeks to

retain substitute counsel on August 1.  There is no evidence in the

record that Defendants' failure to appear by new counsel and

otherwise defend was the result of excusable neglect.  Defendants'

failure to comply with the Court's order, even after requesting and

obtaining an extension, indicates that failure to appear was

willful.  This factor, too, favors entry of default judgment.

### 5.   Strong Policy Favoring Decision on the Merits

Finally, the mere existence of Federal Rule of Civil Procedure

55(b) indicates that the seventh Eitel factor is not alone

dispositive.  Pepsico, 238 F. Supp. 2d at 1177.  Moreover, TSE's

failure to appear by counsel and defend this lawsuit makes

resolution on the merits difficult or impossible.  "While modern

courts do not favor default judgments, they are certainly

appropriate when the adversary process has been halted because of

an essentially unresponsive party."  Flynn v. Angelucci Bros &

Sons, Inc., 448 F. Supp. 2d 193, 195 (D.D.C. 2006) (internal

quotations omitted).  Therefore, the seventh Eitel factor does not

preclude the Court from entering default judgment against

Defendants.

**United States District Court**
For the Northern District of California

### 6. **Conclusion**

Five of the seven <u>Eitel</u> factors favor entry of default judgment. One is neutral.  The only one that does not -- the possibility of a dispute concerning material facts -- has little persuasive power given TSE's failure to defend itself. Accordingly, the Court finds that the <u>Eitel</u> factors indicate that entry of default judgment is appropriate.  Therefore, Solaria's motion for default judgment is GRANTED.

### C. **Remedies**

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." <u>TeleVideo Sys., Inc. v. Heidenthal</u>, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting <u>Geddes v. United Fin. Grp.</u>, 559 F.2d 557, 560 (9th Cir. 1977)).  "Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment." <u>TeleVideo</u>, 826 F.2d at 917.

Here, the only evidence of the amount of Solaria's damages is the amount prayed in the complaint.  Solaria has provided no evidence whatsoever of the amount claimed.  But the Court does not presume the amount of damages claimed in the complaint to be true. In fact, this case illustrates quite well the reasoning behind this rule: Solaria claims that TSE failed to make its final payment of $484,816.10 on January 31, 2013.  But the Change Order specifies a final payment due on January 31, 2013 of only $389,700.00.  <u>Compare</u> Compl. ¶ 11, <u>with</u> Compl. Ex. 1.  Without evidence to support the amount of damages it claims, Solaria cannot recover actual damages. ///

**United States District Court**
For the Northern District of California

Under California law, "[a] plaintiff is entitled to recover nominal damages for the breach of a contract, despite inability to show that actual damage was inflicted upon him, since the defendant's failure to perform a contractual duty is, in itself, a legal wrong that is fully distinct from the actual damages." Sweet v. Johnson, 169 Cal. App. 2d 630, 632, 337 P.2d 499, 500 (Cal. Ct. App. 1959) (internal citation omitted). Rather than award only nominal damages, however, the Court is willing to give Solaria another chance to provide supporting evidence for its claimed damages. Consequently, the Court declines to enter judgment at this time. As explained further below, Solaria may supplement its motion for default judgment with appropriate evidence to prove its claimed damages.

### D.   **Counterclaim**

"If the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Rule 41(b) permits dismissal with prejudice. Id.; see also Schenker, Inc. v. Predator Mogulwear Inc., No. C 07-01795 WHA, 2007 WL 4556915, at *3 (N.D. Cal. Dec. 20, 2007) (a district court may dismiss an action, with prejudice, based upon the failure to prosecute, the failure to obey a court order, and the failure to comply with rules and procedures). TSE has consistently failed to appear, despite two court orders to do so and extension of time to retain new counsel. TSE's failure to appear and to comply with the Court's orders warrants dismissal of its counterclaims with prejudice.

///

///

**United States District Court**
For the Northern District of California

1    **V.**    <u>**CONCLUSION**</u>

2      For the reasons set forth above, the Court hereby DIRECTS the

3 clerk to enter Defendant T.S. Energie e Risorse, S.R.I.'s default

4 and GRANTS Plaintiff Solaria Corporation's motion for default

5 judgment against TSE. Because Solaria has failed to substantiate

6 is damages claim, however, the Court declines to enter judgment at

7 this time. Solaria is hereby ORDERED to submit to the Court,

8 within twenty-one (21) days of the signature date of this Order,

9 evidence sufficient to support its claimed amount of damages.

10 Failure to do so may result in entry of judgment with an award of

11 nominal damages only. Finally, due to TSE's repeated failure to

12 appear and to obey court orders, TSE's counterclaims are DISMISSED

13 WITH PREJUDICE.

14

15      IT IS SO ORDERED.

16

17      Dated: December 17, 2014

18                           UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28