IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOLARIA CORPORATION, | ) Case No. 13-cv-05201-SC |
| | ) |
| Plaintiff, | ) JUDGMENT |
| | ) |
| v. | ) |
| | ) |
| T.S. ENERGIE E RISORSE, S.R.I.; et al., | ) |
| | ) |
| Defendants. | ) |

On December 17, 2014, the Court granted Plaintiff Solaria Corporation's ("Solaria") motion for default judgment. ECF No. 50 ("DJ Order"). However, the Court declined to enter judgment at that time because Solaria had not submitted proof of the amount of damages. Accordingly, the Court ordered Solaria to submit proof of the claimed amount of damages within twenty-one days. Id. On December 18, 2014, Solaria submitted two additional documents, each with an attached exhibit: the declaration of Jason Jungreis (ECF No. 51, "Jungreis Decl.") and the declaration of Suvi Sharma (ECF No. 51-3, "Sharma Decl."). The Court finds the evidence contained in the Sharma Declaration and its attached exhibit sufficient to

establish the amount of damages owed Solaria. Before explaining the details of the judgment, the Court pauses to address the concerns that Mr. Jungreis raised in his declaration.

First, Mr. Jungreis complains that the Court failed to consider the amount of damages alleged in the complaint:

> As the Court has not provided specific guidance to SOLARIA as to the evidence it seeks, despite that the Complaint and its Exhibits are clear as to the $484,816.10 sum certain owed by T.S. ENERGIE from the specific date of January 31, 2013 for breach of contract for goods received, and despite that the Complaint and its Exhibits are clear that the only remaining task is calculation of contractual interest due . . . .

Jungreis Decl. ¶ 9. The complaint does indeed allege the amount of damages owed Solaria; it contends that TSE failed to make a final payment of $484,816.20. ECF No. 1-1 ("Compl.") ¶ 12. The attached exhibits are (1) a quote from Solaria, signed by a Solaria representative and a TSE representative, specifying a total price of $1,020,000.00 for work Solaria was to perform; and (2) a change order specifying certain dates and conditions of payment. Id. Ex. 1. None of the exhibits attached to the complaint contain any record of payments (or lack thereof) made to Solaria. In fact, as the Court pointed out in its order granting default judgment, the exhibits attached to the complaint actually specify that the final payment (the one at issue in this case) should be $389,700, not the $484,816.20 Solaria claims.[1] DJ Order at 8. Thus there is no evidence in the record to support the amount of damages Solaria claims. The only basis for the amount claimed is the allegation in

---

[1] This discrepancy, in fact, reveals one of the motivations for the rule that the plaintiff must prove the amount of damages. If no proof were required, the plaintiff could simply allege any amount he pleases and collect a judgment in an amount not at all justified by the facts or law of the case.

2

the complaint.

But the Ninth Circuit has made it abundantly clear that, when determining whether to enter default judgment, "[t]he general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987). "If the plaintiff is seeking money damages, however, the plaintiff must 'prove-up' its damages. The plaintiff is required to provide evidence of its damages, and the damages sought must not be different in kind or amount from those set forth in the complaint." Amini Innovation Corp. v. KTY Int'l Mktg., 768 F. Supp. 2d 1049, 1053-54 (C.D. Cal. 2011). But as discussed above and in the Court's prior order, Solaria did not prove, much less provide any evidence of, its damages when it moved for default judgment.

Next, Mr. Jungreis laments that "SOLARIA is further frustrated due to the missed opportunity to appear at the scheduled November 14, 2014 hearing, which would have enabled SOLARIA to provide such evidence as would satisfy the Court, and which would have provided SOLARIA the forum to express its urgent desire to promptly obtain its Judgment in this matter." Jungreis Decl. ¶ 10. The Court reminds Solaria that neither the Federal Rules of Civil Procedure nor the Civil Local Rules require the Court to hold a hearing; a party may be deemed "heard" after the Court has considered the motion papers. See Fed. R. Civ. P. 55(b)(2) ("The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages") (emphasis added); Civ. L.R. 7-1(b) ("In the Judge's

3

discretion . . . a motion may be determined without oral argument or by telephone conference call."). The issues raised in Mr. Jungreis' declaration aside, the Court now turns to the new evidence submitted in support of Solaria's default judgment.

Solaria has now submitted the declaration of Suvi Sharma, Solaria's president. Mr. Sharma states that he directed Solaria's Chief Financial Officer ("CFO") to determine the amount due on TSE's account with Solaria. Sharma Decl. ¶ 2. He attaches a spreadsheet created by the CFO which indeed specifies that TSE owed $484,816.10 to Solaria as of January 31, 2013. Id. Ex. 1. Accordingly, the Court finds that the principal TSE owes to Solaria is $484,816.10.

Next, the Court must calculate the interest owed. The "Terms and Conditions of Sale" attached to the complaint specify a late payment penalty of 2 percent per month of the unpaid balance due Solaria. Compl. Ex. 1. The Terms do not specify whether simple or compound interest should be used, but the Court finds that simple interest should be used for three reasons: (1) the Terms do not specify the type of interest to use, (2) using simple interest results in a smaller amount of damages (and therefore is to TSE's advantage), and (3) Solaria apparently concedes that simple interest should be used. See Jungreis Decl. ¶ 9 (directing the Court to an online simple interest calculator).

Simple interest is calculated by multiplying the principal by the interest rate by the number of interest periods elapsed. See "Definition of 'Simple Interest'", Investopedia, http://www.investopedia.com/terms/s/simple_interest.asp (last visited December 19, 2014). As discussed previously, the Court

4

finds that the principal owed is $484,816.10, and that the interest rate is 2 percent per month.  The Payment was due on January 31, 2013.  It is now January 5, 2015, so 704 days have elapsed.  The change order specifies that "[p]ayment terms are net 30, unless otherwise agreed to by both parties."  Compl. Ex. 1.  Accordingly, the Court uses a day count conversion with a 30-day month, resulting in a daily penalty of $323.21.  As a result, the amount of interest owed is $323.21 x 704, which comes to $227,539.84.  The total amount owed, therefore, is $712,355.94.

    For the reasons set forth above, it is hereby ORDERED, ADJUDGED, and DECREED that Default Judgment in this action shall be entered in favor of Plaintiff Solaria Corporation and against Defendant T.S. Energie e Risorse, S.R.I. in the amount of $712,355.94.

    IT IS SO ORDERED, ADJUDGED, AND DECREED.

Dated: January 5, 2015

_____
UNITED STATES DISTRICT JUDGE